UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JERRY WORLEY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 4:06CV1844 TIA |
| ) | |
| AL LUEBBERS, ) | |
| ) | |
| Respondent. ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on the Petition of Jerry Worley for a Writ of Habeas Corpus under 28 U.S.C. § 2254. The parties consented to the jurisdiction of the undersigned pursuant to 28 U.S.C. § 636(c).

### **Procedural History**

Petitioner, Jerry Worley, is currently incarcerated at the Farmington Correctional Center located in Farmington, Missouri, pursuant to the sentence and judgment of the Circuit Court of Webster County, Missouri. On December 30, 2004, Petitioner pled guilty to Incest and Endangering the Welfare of a Child in the 1st Degree. (Resp. Exh. C) The court sentenced Petitioner to 4 years incarceration on the incest count to be served consecutively with 7 years incarceration on the count of endangering the welfare of a child. (Resp. Exh. C)

Petitioner did not appeal the sentence and judgment. However, Petitioner did file a Petition for Writ of Habeas Corpus under Missouri Supreme Court Rule 91 on July 10, 2006. (Resp. Exh. B) The Circuit Court of St. Francois County denied the petition on September 1, 2006, finding that the claims lacked merit. (Resp. Exh. E) On December 29, 2006, Petitioner filed the present habeas

petition in federal court, alleging three grounds for habeas relief:

(1) The State presented insufficient evidence on the incest count to support a finding of guilt under Missouri law;

(2) The court sentenced Petitioner in excess of the term provided by Missouri statute for endangering the welfare of a child; and

(3) The plea and sentencing court lacked jurisdiction to accept Petitioner's plea or impose the sentence.

## **Discussion**

Respondent asserts that this Court should deny Petitioner's habeas petition as barred by the statute of limitations under 28 U.S.C. § 2244(d). The undersigned agrees that Petitioner failed to timely file his petition. Therefore, the Court will dismiss said petition accordingly.

The Antiterrorism and Effective Death Penalty Act (AEDPA) imposes a one-year limitations period for filing habeas petitions. 28 U.S.C. § 2244(d) provides in pertinent part:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> . . . or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A) and (D).

The record demonstrates that petitioner pled guilty, and the court sentenced him, on December 30, 2004. Under Missouri Supreme Court Rule 30.01(d), Petitioner had 10 days after the

2

judgment became final to file a notice of appeal. However, Petitioner declined to do so. Thus, the one- year statute of limitations began to run on January 10, 2005.[1] Petitioner had until January 10, 2006 to file a habeas petition in federal court, unless the one-year limitation was subject to tolling.

Under 28 U.S.C. § 2244(d)(2), "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." The Eighth Circuit Court of Appeals has held that properly raised post-conviction motions toll the statute of limitations while they are pending. Peterson v. Gammon, 200 F.3d 1202, 1204-1205 (8th Cir. 2000). However, the one-year limitations period is not tolled by a state court application for post-conviction relief where the application is not pending during the relevant time period. Cross-Bey v. Gammon, 322 F.3d 1012, 1014 (8th Cir. 1999).

Although Petitioner did file a Rule 91 petition in state court, he filed such petition after the expiration of the limitations period under 28 U.S.C. § 2244(d)(1).[2] Therefore, Petitioner is not entitled to statutory tolling of the limitations period. Id. See also Gray v. Gammon, 283 F.3d 917, 918 (8th Cir. 2002) (finding petitioner's federal petition time-barred where the Rule 91 petition was not pending while the one-year limitations period in § 2244(d)(1) ran.

---

[1] Although the ten-day period in which to file an appeal expired on Sunday, January 9, 2005, the last business day that Petitioner could have filed such appeal was Monday, January 10, 2005. Fed. R. Civ. P. 6(a) (computation of time periods excludes the day of the act and includes the last day of the period unless it is a Saturday, Sunday, or legal holiday).

[2] Because Petitioner's Rule 91 petition was not "pending" during the one-year limitations period, the Court need not determine whether a Rule 91 proceeding qualifies as "other collateral review." Gray v. Gammon, 283 F.3d 917, 918 (8th Cir. 2002). Further, although Petitioner avers in his Traverse that he filed a motion to modify the judgment and sentence pursuant to Missouri Supreme Court Rule 29.12(b) on May 1, 2006, this motion was not pending while the statute of limitations ran.

In addition, Petitioner has failed to demonstrate grounds for equitable tolling. "[E]quitable tolling is proper when there exist extraordinary circumstances beyond a prisoner's control that made filing a timely petition impossible or when the respondent's conduct has lulled the petitioner into inaction." Id. at 1015 (citing Kreutzer v. Bowersox, 231 F.3d 460, 463 (8th Cir. 2000). Petitioner has failed to assert any extraordinary circumstances warranting equitable tolling.

However, Petitioner claims that he did not discover the factual predicate of his claims for relief until April 4, 2006 and that he promptly sought collateral review after this discovery through the exercise of due diligence under 28 U.S.C. § 2244(d)(1)(D). Specifically, Petitioner claims that he later discovered that the court sentenced him in excess of the statute that was applicable at the time he committed the offense in Count VII.

"The one year permitted under § 2244(d)(1)(D) for claims whose factual predicate could not have been discovered runs from when the relevant facts could have been discovered through diligent inquiry, not from when they were actually discovered or their significance realized." Hudson v. Dormire, No. 4:06CV868 AGF, slip. op. at *4 (E.D. Mo. April 20, 2007). The petitioner has the burden of persuading the court that he has exercised due diligence. Frazier v. Rogerson, 248 F. Supp. 2d 825, 833 (N.D. Iowa 2003).

In the instant case, Petitioner maintains that he did not "realize" that he had been sentenced in excess of applicable law until April 2006. (Traverse, pp. 3, 5) However, during the plea and sentencing hearing, the court clearly informed Petitioner that he was charged with child endangerment, a Class C Felony. (Resp. Exh. A, p. 2, lines 17-18) Further, Petitioner acknowledged that the highest sentence he could receive for that offense was 7 years in prison, which could run consecutively to Count VI. (Resp. Exh. A, p. 6, lines 16-21) The claims contained in Petitioner's

4

habeas petition, including his claim that the court sentenced him in excess of the law applicable at the time of the offense in Count VII, were clearly discoverable through the exercise of due diligence during the one-year limitations period. That Petitioner did not actually make this discovery or realize its significance is inapposite. See Owens v. Boyd, 235 F.3d 356, 359 (7th Cir. 2001) ("Time begins when the prisoner knows (or through diligence could discover) the important facts, not when the prisoner recognizes their legal significance."). Petitioner has failed to meet his burden of persuading the Court that he exercised due diligence. Mr. Worley's petition is therefore untimely, as he failed to file for state court relief prior to January 10, 2006, and must be dismissed under 28 U.S.C. § 2244(d)(1)(A).

Accordingly,

**IT IS HEREBY ORDERED** that the petition of Jerry Worley for writ of habeas corpus pursuant to 28 U.S.C. § 2254 be **DISMISSED** without further proceedings.

/s/ Terry I. Adelman
UNITED STATES MAGISTRATE JUDGE

Dated this  29th  day of September, 2008.